**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v. Case No. 3:13-cr-124-J-34MCR

ANDRE ALSTON

_____________________________________/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant Andre Alston's Motion to Withdraw Plea of Guilty (Doc. 125; Motion), filed on May 30, 2016. At the Court's direction, on July 7, 2016, Defendant filed his Supplemental Memorandum in Support of Motion to Withdraw Plea of Guilty (Doc. 132; Defendant's Supp. Memo.). The United States filed its response on July 26, 2016. See United States' Response in Opposition to Defendant's Motion to Withdraw Plea of Guilty (Doc. 133; Response). Accordingly, this matter is ripe for review.

## I. Background

On June 20, 2013, a federal grand jury returned a one-count indictment charging Alston with knowing possession of a firearm after having been convicted of multiple felonies, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). See generally Indictment (Doc. 1). The Court issued a capias for his arrest that same day. See Order Granting Motion for Capias (Doc. 3). At the time, Alston was in Florida state custody on then-pending narcotics sales charges. Transcript of September 3, 2014, Evidentiary Hearing (Doc. 34; Tr. of 9/3/14 Hearing) at 6–7. On August 1, 2013, a state court judge sentenced Alston to approximately 24 months' imprisonment on those charges. Id. at 7. Special Agent Kristie Calhoun of the Bureau of Alcohol, Tobacco, Firearms, and Explosives sent a detainer

request to the Florida Department of Corrections on September 3, 2013. Id.; see also United States' Response in Opposition to Defendant's Motion to Dismiss, Exhibit 1 (Doc. 22-1; Detainer Request) at 1. The facts surrounding the transmission of the Detainer Request, Defendant's demand for a speedy trial under the Interstate Agreement on Detainers Act, 18 U.S.C. App. 2 ("IADA"), and the erroneous transmission of the demand paperwork are discussed in detail in Magistrate Judge Monte C. Richardson's Report and Recommendation on Defendant's Motion to Dismiss (Doc. 36; Report on the Motion to Dismiss). See Report on the Motion to Dismiss at 2–5. The Court will not repeat those facts here but instead will incorporate them into this Order.

On May 23, 2014, Alston filed his pro se Motion of Dismissal of Detainers (Doc. 8), seeking dismissal of the instant charge against him based on the United States' failure to bring him to trial within the time required under the IADA in light of his speedy trial request. Alston's first lawyer in this case, Maurice Grant, Esq., filed a Motion to Dismiss (Doc. 19) on July 24, 2014, in which he adopted Alston's pro se motion. On September 15, 2014, Judge Richardson recommended denying the Motion to Dismiss, see Report on the Motion to Dismiss at 12, and Alston did not object to that recommendation. On October 17, 2014, the Court adopted the Report on the Motion to Dismiss and denied Alston's Motion to Dismiss. Order (Doc. 38) at 2–3.

Shortly thereafter, on November 3, 2014, Alston filed a pro se motion asking the Court to remove Mr. Grant as his counsel because Mr. Grant refused to file objections to the Report on the Motion to Dismiss based on a "witness being untruthful and [making] [i]nconsistent statements" and violating his constitutional rights. See Motion to Withdraw Counsel (Doc. 41). Based on the assertions in Alston's pro se motion, Mr. Grant filed a separate motion requesting leave to withdraw from the case. See Motion to Withdraw as

Counsel (Doc. 42). Judge Richardson granted that motion and appointed Wade Rolle, Esq., as Alston's new counsel. See Order on Motion to Withdraw as Counsel (Doc. 44).

On February 13, 2015, Mr. Rolle also requested leave to withdraw, citing "[i]rreconcilable differences" between himself and Alston. See Motion to Withdraw as Counsel (Doc. 49). Judge Richardson conducted a hearing on Mr. Rolle's motion to withdraw on February 18, 2015, at which Mr. Rolle clarified that he wished to withdraw because Alston wanted him to revisit issues relating to the Motion to Dismiss and refused to discuss trial preparation. See Transcript of Motion Hearing dated February 18, 2015 (Doc. 111; Tr. of 2/18/15 Hearing) at 3–5, 7, 25. Judge Richardson declined to rule on the motion to withdraw and set a status hearing for March 2, 2015. See Clerk's Minutes for Motion Hearing Re: Motion to Withdraw (Doc. 53); Notice of Status Hearing set for March 2, 2015 (Doc. 54). At the status hearing, Mr. Rolle informed Judge Richardson that Alston still refused to communicate with him about trial preparation because Alston continued to believe he had a valid basis for revisiting the Motion to Dismiss. Transcript of Status Hearing dated March 2, 2015 (Doc. 129; Tr. of 3/2/15 Hearing) at 2–5. Judge Richardson again deferred ruling on Mr. Rolle's motion to withdraw and set a combined status hearing and detention hearing for March 12, 2015.[1] See id. at 19–21.

On March 12, 2015, Judge Richardson conducted a detention hearing and allowed Alston to be placed on pretrial release with several conditions, including a restriction to home detention. See Clerk's Minutes of Status Hearing and Detention Hearing dated March 12, 2015 (Doc. 60); see also Order Setting Conditions of Release (Doc. 63) at 3.

[1] Alston had been released from state custody on February 17, 2015, and so became eligible for pretrial release pending resolution of his federal charge. See Tr. of 3/2/15 Hearing at 16–17, 20–21.

Mr. Rolle also moved to withdraw his motion to withdraw as counsel, which Judge Richardson permitted. Doc. 60.

On May 28, 2015, Alston's Pretrial Services Officer filed a petition seeking an order to show cause why the conditions of his release should not be modified or revoked based on a urinalysis test that yielded a positive result for marijuana. See Petition for Action on Conditions of Pretrial Release (Doc. 77). Judge Richardson conducted a show cause hearing on the petition on June 2, 2015, during which Alston admitted the alleged violation. See Clerk's Minutes of Show Cause Hearing dated June 2, 2015 (Doc. 81). At the conclusion of the hearing, Judge Richardson allowed Alston to remain on bond. Id.

On June 5, 2015, Judge Richardson conducted a change of plea hearing during which Alston entered a plea of guilty pursuant to a plea agreement he had signed that day. See Clerk's Minutes of Change of Plea Hearing dated June 5, 2015 (Doc. 85); Plea Agreement (Doc. 87). During the hearing, Judge Richardson engaged in a thorough plea colloquy with Alston to confirm that his guilty plea was made knowingly, freely, voluntarily, and intelligently. See generally Transcript of Digitally Recorded Change of Plea Hearing dated June 5, 2015 (Doc. 123; Tr. of 6/5/15 Hearing). As relevant here, the following exchange occurred:

> THE COURT: … And for all of you, is your plea free and voluntary? Mr. Alston?
>
> DEFENDANT ALSTON: Yes, sir.
> …
>
> THE COURT: Has anyone made any promises or assurances to you of any kind to get you to plead guilty other than what's in your plea agreement? Mr. Alston?
>
> DEFENDANT ALSTON: No, sir.
> …

> THE COURT: And Mr. Rolle, Mr. Snobar, and Mr. Grant, as counsel, can you assure the court that as far as you know, that no assurances, promises, or understandings have been given to your respective clients as to the disposition of their cases, contrary to what's in the plea agreement? Mr. Rolle?
>
> MR. ROLLE: I can assure the court that that has not been done, Your Honor. …
>
> THE COURT: And can the United States give the same assurance?
>
> MR. DUVA: In Mr. Alston's case, the government can make the same assurance, Your Honor.

Id. at 41–42. Having confirmed that Alston pleaded guilty knowingly, voluntarily, and intelligently, see id. at 46–47, Judge Richardson recommended that the Court accept his guilty plea and adjudicate him guilty of the charged offense, see Report and Recommendation Concerning Plea of Guilty (Doc. 89; Report on Guilty Plea).

On July 13, 2015, Alston's Pretrial Services Officer filed a second petition requesting an order to show cause why his conditions of release should not be modified or revoked based on a second urinalysis test that yielded a positive result for marijuana. Petition for Action on Conditions of Pretrial Release (second) (Doc. 92). Judge Richardson conducted a show cause hearing on the second petition on July 17, 2015, found that Alston had violated the conditions of his release, and remanded him to the custody of the United States Marshals Service. See Clerk's Minutes of Show Cause Hearing dated July 17, 2015 (Doc. 94). On July 20, 2015, the Court accepted Alston's guilty plea and adjudicated him guilty of the offense charged in the Indictment. See Acceptance of Plea of Guilty, Adjudication of Guilt, and Notice of Sentencing (Doc. 96). That same day, Judge Richardson entered the written order formally granting the United States' motion to revoke Alston's bond. See Order (Doc. 97).

On November 6, 2015, Judge Richardson conducted a status of counsel hearing, during which both Alston and Mr. Rolle requested Mr. Rolle's removal and appointment of new counsel. See Clerk's Minutes of Status of Counsel Hearing dated November 6, 2015 (Doc. 106); Transcript of Digitally Recorded Status of Counsel Hearing dated November 6, 2015 (Doc. 130; Tr. of 11/6/15 Hearing). During the hearing, Mr. Rolle informed Judge Richardson that Alston requested that Mr. Rolle file a motion to withdraw Alston's guilty plea based on, among other reasons, the assertion that Mr. Rolle had "coerced him into entering a plea." Tr. of 11/6/15 Hearing at 2–3. Mr. Rolle stated that Alston believed "that the court['s] revocation of his bond [was] in violation of his plea agreement because his plea agreement would allow him to cooperate … [and] allows him to … be out on the streets … to work with the United States." Id. at 6. Mr. Rolle stated that Alston apparently "thinks that somehow I tricked him into a plea agreement that guaranteed his release." Id. Mr. Rolle also stated that Alston "is under the mistaken impression, since he entered his plea while on bond, that a condition of his plea agreement is to work from the streets. And I'm not one to have told him that." Id. at 19. Judge Richardson granted the motion for Mr. Rolle's removal and appointed Alston a third lawyer, Stephen Mosca, Esq., on November 10, 2015. See Order (Doc. 108).

The Court scheduled a sentencing hearing for Alston for June 6, 2016. See Order (Doc. 122). On May 30, 2016, Alston's counsel filed the instant Motion, stating that Alston believed he had colorable constitutional claims and that "he was denied an opportunity to fully litigate his defenses." See Motion at 5. At Alston's request, the Court converted the sentencing hearing to a status conference to discuss the matter. See Order (Doc. 127). At the status conference, counsel clarified that Alston wished to raise a constitutional challenge to the IADA. The Court granted Alston leave to file a supplemental

memorandum in support of the Motion and gave the United States additional time to file a response. See Clerk's Minutes of Criminal Status Conference dated June 6, 2016 (Doc. 128). Defendant filed his Supplemental Memorandum on July 7, 2016, and the United States filed its Response on July 26, 2016.

## II. Discussion

Despite suggesting at the June 6, 2016, status conference that Alston intended to withdraw his guilty plea solely to pursue a constitutional challenge to the IADA, Alston now bases his request on alleged ineffective assistance of counsel by Messrs. Grant and Rolle.[2] First, Alston argues that Mr. Grant failed to adequately question Special Agent Calhoun about the contents of her e-mail correspondence with the Assistant United States Attorney then assigned to the case about Alston's request for a speedy trial under the IADA. See Defendant's Supp. Memo. at 5. Second, he argues that Mr. Grant failed to object to Judge Richardson's Report on the Motion to Dismiss. Id. Third, Alston argues that Mr. Rolle erroneously advised him that upon pleading guilty, he would be relieved of the condition of his pretrial release confining him to home detention so that he would be able to "work the streets" in an effort to obtain a substantial assistance motion from the United States. Id. at 5–6.

Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure (Rule(s)) provides that a court may, prior to sentencing, permit a plea of guilty to be withdrawn if "the defendant can show a fair and just reason for requesting the withdrawal." While the rule must be

[2] Alston also asserts, as he did nearly verbatim in his original Motion, see Motion at 5, that he "believes he was denied an opportunity to fully litigate his defenses related to his prior motion to dismiss." Defendant's Supp. Memo. at 7. Because he offers no other explanation of what he means by that contention, the Court assumes Alston is referring to Mr. Grant's alleged errors. Although Alston has, at various times, asserted several different bases for revisiting the speedy trial issue, he fails to raise most of those issues in his Motion or Supplemental Memorandum.

liberally construed, a defendant does not have an absolute right to withdraw a guilty plea before sentencing. United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988).[3] Rather, a court considers the totality of the circumstances surrounding the entry of the plea in determining whether a defendant has met his burden of showing a "fair and just reason" for withdrawal. Id. at 472. The Eleventh Circuit Court of Appeals has identified four factors to consider in evaluating a defendant's request to withdraw a guilty plea: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. However, if the first two factors weigh against the Defendant, a court need not give particular attention to the final two factors. See United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987); see also United States v. Kirksey, 283 F. App'x 714, 715 (11th Cir. 2008).

Additionally, a court must determine that the core concerns of Rule 11 have been met. Specifically, "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." See United States v. Freixas, 332 F.3d 1314, 1318 (11th Cir. 2003) (quoting United States v. Lejarde-Rada, 319 F.3d 1288, 1289 (11th Cir. 2003)). In considering the identified factors, the Court must evaluate "[t]he good faith, credibility, and weight of a defendant's assertions in support of a motion" to withdraw a plea of guilty. United States v. Bing, 387 F. App'x 896, 898 (11th Cir. 2010) (internal quotation marks omitted).

---

[3] In Buckles, the Eleventh Circuit interpreted former Rule 32(d), which is now found at Rule 11(d) (pre-sentence withdrawal of guilty plea) and 11(e) (post-sentence withdrawal of guilty plea). See 2002 Advisory Committee Notes to Fed. R. Crim. P. 11.

A court need not conduct an evidentiary hearing on a motion to withdraw a guilty plea where the defendant provides "conclusory allegation[s]" in an effort "to relitigate representations made by himself, his lawyer, and the prosecutor in open court." United States v. Dabdoub-Diaz, 599 F.2d 96, 100 (5th Cir. 1979).[4] However, if "a defendant submits specific factual allegations, not directly contradicted in the record, of circumstances undermining his plea, further fact development would be required." Id. (internal citations omitted). Notably, "[t]here is a strong presumption that the statements made during [a plea] colloquy are true." United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). Thus, a defendant "bears a heavy burden to show his statements were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).

As an initial matter, Alston has failed to show that Mr. Grant's alleged ineffective assistance had any effect on his decision to plead guilty. Neither of the alleged failures he identifies relate to any of the factors relevant to determining whether the Court should allow a guilty plea to be withdrawn. Although the Court must consider "whether close assistance of counsel was available," Alston pleaded guilty based on the advice of Mr. Rolle, some seven months after the Court permitted Mr. Grant to withdraw. To the extent Alston believes Mr. Grant mishandled the Motion to Dismiss nine months earlier, Alston nevertheless chose to plead guilty despite that belief. See Tr. of 2/18/15 Hearing at 10–11, 13–15 (Defendant's statements during hearing on Mr. Rolle's motion to withdraw, nearly five months before pleading guilty, referencing Mr. Grant's alleged failures raised in Defendant's Supplemental Memorandum). He does not allege that Mr. Rolle erroneously advised him to plead guilty in spite of those alleged errors. In other words,

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Alston fails to explain why Mr. Grant's actions undermine his guilty plea because, based on uncontroverted evidence, Alston chose to plead guilty even though he was fully aware of Mr. Grant's alleged errors at the time and after having been represented by alternative counsel for seven months.

Regardless, even if Mr. Grant's actions could provide a basis for withdrawing his guilty plea, the alleged deficient performance is insufficient to warrant that relief. As to Mr. Grant's failure to question Special Agent Calhoun about the contents of her e-mail conversation with the Assistant United States Attorney, even assuming Alston could have shown that Special Agent Calhoun's communications provided adequate notice to the United States Attorney's Office of his speedy trial demand under the IADA, the fact remains that there is no evidence that the Court ever received adequate notice. As the Court has explained, the IADA requires notice to both the prosecuting attorney and the court. See Report on Motion to Dismiss at 7–8 (citing 18 U.S.C. App. 2 § 2, Art. III(a); Fex v. Michigan, 507 U.S. 43, 52 (1993); Lara v. Johnson, 141 F.3d 239, 243 (5th Cir. 1998)). It is unreasonable to speculate that more detailed questioning would have uncovered evidence that both the prosecutor and the Court in fact received notice in the form required under the IADA, particularly in light of Special Agent Calhoun's testimony that she was not aware at the time she spoke with the prosecutor that Alston's speedy trial request paperwork had not been correctly addressed to the prosecutor or the Court. See Tr. of 9/3/14 Hearing at 15–16.

Second, although Alston contends that Mr. Grant failed to file objections to the Report on the Motion to Dismiss, he does not identify any specific objection Mr. Grant should have raised. Without Alston identifying a specific objection, the Court is unable to determine whether Mr. Grant's failure to object on such a basis provides a "fair and just

reason" to allow Alston to withdraw his plea because the Court cannot determine whether Mr. Grant should have objected in the first place.[5] To the extent Alston's contemplated objections would have been unmeritorious or frivolous, Mr. Grant's failure to raise them would not provide an adequate reason to allow him to withdraw his guilty plea.

Alston's assertion that Mr. Rolle erroneously advised him that he would be relieved of his restriction to home detention upon pleading guilty also fails to provide a "fair and just reason" for allowing the withdrawal of his guilty plea. Alston's testimony during the change of plea hearing establishes that he decided to plead guilty knowingly and voluntarily. His efforts to undermine that testimony fail. Although he contends that Mr. Rolle assured him that the conditions of his pretrial release would change following his guilty plea, Alston testified under oath during his plea colloquy that no one had "made any promises or assurances to [him] of any kind to get [him] to plead guilty other than" what was in his plea agreement. Tr. of 6/5/15 Hearing at 42. Mr. Rolle and the prosecutor both similarly confirmed that Alston had received no such unwritten promises or assurances. Id. at 43. Alston's Plea Agreement contains no promise or assurance that he would be taken off of home detention based on his guilty plea. See generally Plea Agreement. In essence, Alston now seeks to flatly contradict the statements he made under oath and the statements of his lawyer and the prosecutor. He has offered no explanation for doing

[5] To the extent Alston relies on his prior assertion that Mr. Grant should have objected based on a "witness being untruthful and [making] [i]nconsistent statements" and violating his constitutional rights, see Motion to Withdraw Counsel (Doc. 41), that proposed objection does not provide a fair and just reason for withdrawal of his guilty plea. It is apparent from Alston's statements at other times that he was referring to Special Agent Calhoun's testimony as to where she sent the initial detainer request. See Tr. of 2/18/15 Hearing at 8–9. Any discrepancy in that regard is inconsequential because it is undisputed that the Department of Corrections received the detainer request; otherwise Alston would not have requested a speedy trial under the IADA in the first place.

so. The Court therefore rejects Alston's claim that Mr. Rolle made erroneous assurances that induced him to plead guilty. See Dabdoub-Diaz, 599 F.2d at 100.

In any event, even assuming Mr. Rolle had suggested the possibility that Alston could obtain relief from his restriction to home detention upon pleading guilty, any belief that the Court would have been inclined to ease his pretrial release conditions would have been unreasonable in light of Alston's admitted inability to abide by the conditions already in place. Before pleading guilty, Alston admitted to violating the conditions of his pretrial release by using marijuana. See Clerk's Minutes of Show Cause Hearing dated June 2, 2015 (Doc. 81). And before the Court accepted his guilty plea and adjudicated him guilty of the charged offense, Judge Richardson found that Alston had again violated the conditions of his pretrial release based on similar conduct and revoked his bond.[6] See Clerk's Minutes of Show Cause Hearing dated July 17, 2015 (Doc. 94). As such, Alston has failed to suggest that Mr. Rolle's advice could constitute a fair and just reason to justify the withdrawal of his guilty plea.

## III. Conclusion

In light of the foregoing, Defendant's Motion is due to be denied. Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Withdraw Plea of Guilty (Doc. 125) is **DENIED**.

[6] Notably, if Alston believed that revocation of his bond violated his plea agreement or was contrary to Mr. Rolle's representations, he could have moved to withdraw his guilty plea at the time Judge Richardson revoked his bond. See Fed. R. Crim. P. 11(d)(1) (defendant may withdraw guilty plea "before the court accepts the plea, for any reason or no reason"). This he did not do.

2. The sentencing in this matter is scheduled for **November 28, 2016, at 11:00 a.m.** before the undersigned in Courtroom 10B.

**DONE AND ORDERED** in Jacksonville, Florida, on October 13, 2016.

**MARCIA MORALES HOWARD**
United States District Judge

lc21
Copies to counsel of record