**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                            Case No. 3:13-cr-124-MMH-MCR

ANDRE ALSTON
_____/

**ORDER**

Defendant Andre Alston is serving a 180-month term of imprisonment for possession of a firearm by an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 144, Judgment).[1] This case is before the Court on Alston's untitled motion for release from custody (Doc. 171, Motion for Release from Custody), filed on July 19, 2021 (id. at 8)[2], and Motion to Reconsider a United States Magistrate Judge's order denying the appointment of counsel (Doc. 170, Motion to Reconsider).

In the Motion for Release from Custody, Alston argues that his conviction violates the Fifth Amendment's due process clause because on January 8, 2014, seven months after he was indicted but five months before he was detained by

---

[1] The Court entered Judgment on November 28, 2016. Id. On August 18, 2017, the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Alston, 696 F. App'x 479 (11th Cir. 2017). Alston did not petition the United States Supreme Court for certiorari review.

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

1

federal authorities, his federal criminal case number changed and he was not notified of the change.³ Alston also argues that his Sixth Amendment right to a speedy trial was violated because the Court did not bring him to trial within 180 days of when he submitted a demand under the Interstate Agreement on Detainers Act (IADA), resulting in a wrongful conviction. Additionally, Alston raises allegations of ineffective assistance of counsel and prosecutorial misconduct.

Alston is a pro se litigant. "Under well-settled principles in this circuit, pro se applications for post-conviction relief are to be liberally construed." United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997) (citations omitted). Alston is in federal custody at Lee USP pursuant to this Court's Judgment. Generally speaking, a motion to vacate under 28 U.S.C. § 2255 is the exclusive remedy for a person in federal custody who wishes to challenge the lawfulness of his conviction or sentence. See id. ("Because Brown was in custody within the meaning of § 2255 when he filed his petition in the district court, … § 2255 was his exclusive remedy."); see also McCarthan v. Dir. of Goodwill Indus.–

---

³ The case number itself (3:13-cr-124) did not change. However, the judge code in the case number did change. Prior to January 8, 2014, in light of a judicial vacancy on the Court, this case was on an unassigned docket presided over by this judge. This responsibility was reflected in the judge code 3:13-cr-124-99MMH-MCR (see Crim. Doc. 1; Indictment). On January 8, 2014, with the appointment of a new district judge, the Court eliminated the unassigned docket and criminal cases on that docket were placed on the docket of the judge that had been presiding over the case while it was on the unassigned docket. As such, the judge code for the case was updated from 99MMH (unassigned MMH) to J-34 – 3:13-cr-124-J-34MCR (this judge being J-34).

Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc) ("Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause' at the end of that subsection."). Because Alston is in custody within the meaning of 28 U.S.C. § 2255(a), and because he challenges the lawfulness of his conviction and sentence, the Motion for Release from Custody is best construed as a motion to vacate, set aside, or correct sentence under § 2255. See Brown, 117 F.3d at 475 (finding that defendant serving a term of supervised release was "in custody" under § 2255, and that his petition for coram nobis relief was properly construed as a § 2255 motion).

However, before the Court reconstrues the Motion for Release from Custody as a § 2255 motion, the Court must issue certain warnings required by Castro v. United States, 540 U.S. 375 (2003).

> The Supreme Court held in Castro that when a district court recharacterizes a pro se motion as a § 2255 habeas petition, it must: 1) notify the litigant of the pending recharacterization; 2) warn the litigant that the recharacterization will subject any subsequent § 2255 motion to restrictions; and 3) provide the litigant an opportunity to withdraw the motion or amend it to include all available § 2255 claims.

Figuereo-Sanchez v. United States, 678 F.3d 1203, 1206 (11th Cir. 2012) (citing Castro, 540 U.S. at 383).

The Court now cautions Alston that it intends to recharacterize his Motion for Release from Custody as a motion to vacate sentence under 28 U.S.C.

3

§ 2255. If the Court recharacterizes the Motion for Release from Custody as a § 2255 motion, any subsequent § 2255 motion he may later file would be subject to § 2255(h)'s restrictions on second or successive motions to vacate, meaning he would have to obtain permission from the Eleventh Circuit Court of Appeals before filing. If Alston does not want the Motion for Release from Custody to be construed as a § 2255 motion, he may withdraw it. If Alston wishes to proceed under § 2255, he may proceed on the Motion for Release from Custody as it is, or he may amend it to include all available § 2255 claims. The Court will provide further instructions below, but first it must address Alston's Motion for Reconsideration regarding his request for the appointment of counsel. (Doc. 170).

In April 2020, Alston filed two motions to appoint counsel – one in this Court (Doc. 162) and one in the Eleventh Circuit Court of Appeals, which was forwarded to this Court (Doc. 163) – in both of which Alston requested the assistance of an attorney because his Fifth and Sixth Amendment rights had been violated. Both motions were referred to a United States Magistrate Judge. On May 13, 2020, the Honorable Monte C. Richardson, United States Magistrate Judge, entered an order denying the two motions. (Doc. 164, Order Denying Motion to Appoint Counsel). Judge Richardson recognized that an indigent defendant could have a right to counsel in a particular proceeding based on the Fifth Amendment's due process clause, the Sixth Amendment's

4

guarantee of the right to counsel in criminal prosecutions, or a particular statute, such as 18 U.S.C. § 3006A. Id. at 2 (citing United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009)). Nevertheless, Judge Richardson concluded that none of these sources entitled Alston to the appointment of counsel, and further concluded that "neither fundamental fairness nor the interest of justice mandate that Defendant receive appointed counsel at this time." Id. at 3. As a result, Judge Richardson denied Alston's requests for the appointment of counsel without prejudice.[4]

Alston urges the Court to reconsider that ruling. He argues that his Fifth and Sixth Amendment rights were violated, and he further argues that his conviction is contrary to the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019). Motion for Reconsideration at 2–3. Alston requests the assistance of counsel in pursuing these claims.

Under the Federal Magistrates Act, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for certain types of motions not relevant here. 28 U.S.C. § 636(b)(1)(A). "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Id.

---

[4] Judge Richardson noted that the Court would appoint counsel for Alston if it determined that an evidentiary hearing was necessary or if the complexity of the issues otherwise warranted appointing counsel. See id. at 3 n.4; (see also Doc. 155 at 1).

5

The Magistrate Judge's Order denying Alston's requests for the appointment of counsel was neither clearly erroneous nor contrary to law. Judge Richardson recognized the sources of law that might entitle an indigent defendant to the appointment of counsel, including the Fifth Amendment's due process clause, the Sixth Amendment's guarantee of the right to counsel in criminal prosecutions, or a particular statute (like 18 U.S.C. § 3006A). See Webb, 565 F.3d at 794. Alston has not shown that Judge Richardson clearly erred in concluding that Alston lacked a federal constitutional or statutory right to counsel. Nor has Alston shown that his decision was contrary to law. Moreover, Alston has not shown that Judge Richardson's finding that neither fundamental fairness nor the interests of justice required the appointment of counsel was in error or contrary to law. Therefore, the Motion for Reconsideration is due to be denied.

Accordingly, it is hereby **ORDERED:**

1. The Court intends to recharacterize the Motion for Release from Custody (Doc. 171) as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court warns Alston that if the Court recharacterizes the filing as a § 2255 motion, doing so will trigger § 2255(h)'s restrictions on second or successive motions to vacate.

2. If Alston does not want the Motion for Release from Custody to be reconstrued as a § 2255 motion, he may withdraw it. If Alston does wish to proceed under § 2255, he may amend his Motion to include all available § 2255 claims. If Alston amends his Motion to include all available § 2255 claims, he should use the enclosed § 2255 form (AO Form 243).

3. No later than **November 5, 2021**, Alston must do one of the following: (a) notify the Court that he wishes to withdraw the Motion for Release from Custody, (b) notify the Court that he wishes to proceed under § 2255 with his current claims, or (c) amend his motion, using the enclosed § 2255 form, to include any § 2255 claims he wishes to raise. Failure to respond in accordance with these instructions by the above deadline may result in dismissal without prejudice for failure to prosecute.

4. Alston's Motion for Reconsideration regarding the appointment of counsel (Doc. 170) is **DENIED**. The Court will appoint counsel for Alston if it determines that an evidentiary hearing is necessary, Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts, or if it later determines that the interests of justice require the appointment of counsel, see 18 U.S.C. § 3006A(a)(2)(B). The interests of

justice do not require the appointment of counsel at this time.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of September, 2021.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc 19

<u>Copies</u>:
Parties and counsel of record

Encl:
AO Form 243 (§ 2255 form)